UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| COSCO MANAGEMENT, INC. <br> DOREL JUVENILE GROUP, INC., and <br> AMERIWOOD INDUSTRIES, INC. <br><br> Plaintiffs, <br><br> v. <br><br> WING ENTERPRISES, INC. and <br> WING ENTERPRISES, INC. d/b/a <br> LITTLE GIANT LADDERS <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) No. 1:13-cv-0414 JMS-DKL <br> ) <br> ) JURY TRIAL DEMANDED <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**COMPLAINT**

Plaintiffs, COSCO MANAGEMENT, INC. ("CMI"), DOREL JUVENILE GROUP, INC. ("DJG"), and AMERIWOOD INDUSTRIES, INC. ("AMERIWOOD"), for their Complaint against Defendants, WING ENTERPRISES, INC. ("WING") and WING ENTERPRISES, INC. d/b/a LITTLE GIANT LADDERS ("LITTLE GIANT") allege and state as follows:

**PARTIES, JURISDICTION AND VENUE**

1. CMI is a Delaware corporation with its principal place of business in Columbus, Indiana.

2. DJG is a Massachusetts corporation with its principal place of business in Columbus, Indiana.

3. Ameriwood is a Delaware Corporation with its principal place of business in Wright City, Missouri. It now owns an operating division of CMI, Cosco Home and Office

Products, previously owned by DJE, that makes and sells step ladders in Columbus, Indiana, including ladders covered by U.S. Patent 6,477,805.

4. WING is a Utah corporation with its principal place of business in Springville, Utah.

5. Upon information and belief, WING also conducts business as LITTLE GIANT with its principal place of business in Springville, Utah.

6. This is a complaint for patent infringement pursuant to 35 U.S.C. § 271 *et seq.* This court has subject matter jurisdiction over CMI's, DJG's and Ameriwood's claims pursuant to 28 U.S.C. §§ 1331 and 1338.

7. LITTLE GIANT and WING are doing business within this judicial district, subjecting them to jurisdiction within the judicial district and making venue proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400.

## THE PATENT IN SUIT

8. On August 6, 2002, United States Patent No. 6,427,805 ("the '805 patent") entitled "Folding step stool," was duly and legally issued to William R. Gibson, Enrique R. Giner, and Maria Antonieta Moreno-Giner, and assigned at issuance to CMI. CMI licensed the '805 patent exclusively to DJG. DJG has now assigned its exclusive license rights in the '805 patent to Ameriwood.

## DEFENDANTS' INFRINGEMENT

9. LITTLE GIANT and WING have been and still are infringing at least claims 29-35, 41-43, and 50 of the '805 patent, by importing, making, selling, using or offering to sell step ladders embodying and/or using the patented inventions of the '805 patent, including at least by its manufacture and sale of the Flip-N-Lite step ladder and substantially similar step ladders. A

2

true and correct copy of the '805 patent is attached hereto as Exhibit 1.

## THE HARM TO CMI, DJG AND AMERIWOOD

10. LITTLE GIANT and WING, by their infringing conduct, have caused CMI, DJG and AMERIWOOD irreparable harm for which there is no adequate remedy at law.

11. Upon information and belief, LITTLE GIANT and WING have engaged in their conduct willfully and in complete disregard of, or indifference to, CMI's and DJG's rights and interests.

12. CMI, DJG and/or AMERIWOOD have suffered damages, and continue to suffer damages as a result of Defendants' infringement to date.

13. This is an exceptional case as that term is defined in 35 U.S.C. §285.

WHEREFORE, CMI, DJG and AMERIWOOD pray that this Court:

1. Permanently enjoin LITTLE GIANT and WING, and their officers, agents, servants, employees and attorneys and those in active concert or participation with them, who receive actual notice of the Order, from importing, manufacturing, using, selling and/or offering for sale in the United States devices which infringe the '805 patent.

2. Issue an Order directing LITTLE GIANT and WING, and their officers, agents, servants, employees and attorneys and those in active concert or participation with them who receive actual notice of the Order, to destroy all molds, machines, tooling or other equipment used in infringing the '805 Patent.

3. Award CMI, DJG and AMERIWOOD monetary damages adequate to compensate them for past infringement consistent with 35 U.S.C. § 284, up to and including treble the amount of actual damages assessed, together with costs and prejudgment interest.

4. Award CMI, DJG and AMERIWOOD their reasonable costs and expenses as provided by law.

5. Award CMI, DJG and AMERIWOOD their reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

6. Grant and award any and all other relief found necessary and proper under these circumstances.

## JURY DEMAND

CMI, DJG and AMERIWOOD request a trial by jury on their claims.

Dated: March 12, 2013

Respectfully submitted,

Jeff M. Barron
BARNES & THORNBURG LLP
11 S. Meridian Street
Indianapolis, Indiana 46204-3535
(317) 236-1313
jbarron@btlaw.com


Daniel P. Albers
Jonathan P. Froemel
BARNES & THORNBURG LLP
One N. Wacker Drive, Suite 4400
Chicago, Illinois 60606-2833
(312) 357-1313
dalbers@btlaw.com
jfroemel@btlaw.com

**Attorneys for Plaintiffs
Cosco Management, Inc.,
Dorel Juvenile Group, Inc., and
Ameriwood Industries, Inc.**